# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

## DOCKETING STATEMENT

| Appeal Number | 25-1340 |
|---|---|
| Case Name | Coates, et al. v. Adams County Board of Commissioners |
| Party or Parties Filing Notice of Appeal Or Petition | The Board of County Commissioners of the County Of Adams. |
| Appellee(s) or Respondent(s) | Gene Claps, Timothy James Coates, Kevin Currier, and Mark Mitchell. |
| List all prior or related appeals in this court with appropriate citation(s). | 22-1339, 22-1434 |

**I.  JURISDICTION OVER APPEAL OR PETITION FOR REVIEW**

**A.  APPEAL FROM DISTRICT COURT**

1. Date final judgment or order to be reviewed was **entered** on the district court docket: August 1, 2025

2. Date notice of appeal was **filed**: August 29, 2025

3. State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other statutory authority): within 30 days after entry of judgment, Fed. R. App. P. 4(a)(1)(A)

    a. Was the United States or an officer or an agency of the United States a party below? No.

    b. Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal: No.

**4.** Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

    **a.** Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A):

        August 29, 2025

    **b.** Has an order been entered by the district court disposing of any such motion, and, if so, when?

        No.

**5.** Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291.  Yes.

**(If your answer to Question 5 is no, please answer the following questions in this section.)**

    **a.** If not, did the district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

        N/A

    **b.** If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. ' 1292(a)?  N/A

    **c.** If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable?  N/A

**6.** Cross Appeals.

    **a.** If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals).

        N/A

    **b.** If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th Cir. 2010) (discussing protective or conditional cross appeals).  N/A

**B.** **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

   **1.** Date of the order to be reviewed: _____

   **2.** Date petition for review was filed: _____

   **3.** Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: _____

   **4.** Specify the time limit for filing the petition (cite specific statutory section or other authority): _____

**C.** **APPEAL OF TAX COURT DECISION**

   **1.** Date of entry of decision appealed: _____

   **2.** Date notice of appeal was filed: _____
   (If notice was filed by mail, attach proof of postmark.)

   **3.** State the time limit for filing notice of appeal (cite specific statutory section or other authority): _____

   **4.** Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a) _____

## II. ADDITIONAL INFORMATION IN CRIMINAL APPEALS.

**A.** Does this appeal involve review under 18 U.S.C. ' 3742(a) or (b) of the sentence imposed? _____

**B.** If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? _____

**C.** Describe the sentence imposed. _____
_____

**D.** Was the sentence imposed after a plea of guilty? _____

**E.** If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges? _____

**F.** Is the defendant on probation or at liberty pending appeal? _____

**G.** If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed? _____

**NOTE**: In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

**III. GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW.**

This is a civil action filed by four employees of the Adams County Sheriff alleging, in essence, wrongful termination by the former elected Sheriff of Adams County, Richard Reigenborn. After suit commenced, but before trial, Plaintiff Gene Claps was elected Sheriff of Adams County. The case was tried to a jury beginning on January 21, 2025. The sole remaining claim at the time of trial was for First Amendment Retaliation based on Political Affiliation. The jury rendered its verdict in favor of the Plaintiffs on January 28, 2025. Thereafter, the parties engaged in briefing regarding Plaintiffs' motion for equitable relief. The District Court entered its order respecting Plaintiffs' motion for equitable relief on July 23, 2025. Thereafter, counsel for the parties conferred regarding the calculation of pre-judgment interest and the form of Final Judgment. Final Judgment entered in the District Court on August 1, 2025. On August 29, 2025, Defendant filed a timely Motion for Judgment as a Matter of Law Pursuant to Fed. R. Civ. P. 50(b), or to Alter or Amend the Judgment Pursuant to Fed. R. Civ. P. 59(e), or Alternatively for a New Trial Pursuant to Fed. R. Civ. P. 59(a), or for Remittitur. That motion is pending at this time.

**IV. IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below.** *See* **10th Cir. R. 3.4(B).**

Defendant/Appellant intends to argue that the Board of County Commissioners of the County of Adams was not the proper party-defendant because the Plaintiffs were employed by the Sheriff—not the County—which is a separate legal entity pursuant to well-established Colorado and Tenth Circuit law. Defendant/Appellant also contends that the District Court erred in several of its pre-trial and trial rulings. Defendant/Appellant intends argue that the Court should have entered judgment in favor of the Defendant as to the "political allegiance" defense either pre-trial as a matter of law or at the close of the evidence because all of the evidence pointed but one way as to that defense. Defendant/Appellant also intends to argue that the District Court's instructions to the jury on the legal elements of the First Amendment claim asserted by the Plaintiffs as well as the Court's decision to give the jury an instruction on pretext were legally faulty in a number of respects. Defendant/Appellant intends to argue that the jury's verdict was excessive as a matter of law. Defendant/Appellant reserves the right to raise any other issue set forth in the record.

**V.     ATTORNEY FILING DOCKETING STATEMENT:**

Name: <u>Katherine M.L. Pratt</u>     Telephone: <u>(303) 575-8061</u>

Firm: <u> Ruegsegger Simons & Stern, LLC</u>

Email Address: <u>     kpratt@rs3legal.com</u>

Address: <u>     1700 Lincoln Street, Suite 4500, Denver, CO 80203</u>

<u>*s/Katherine M.L. Pratt*</u>                    <u>9/10/2025</u>

Signature                                               Date

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 10, 2025, a true and correct copy of the above and foregoing **Docketing Statement** was electronically filed with the Clerk of the United States Court of Appeals for the Tenth Circuit and was served via the listed emails upon the following:

Felipe Bohnet-Gomez
Iris Halpern
Siddhartha Rathod
Virginia Butler
2701 Lawrence St., Suite 100
Denver, CO 80205
fbg@rmlawyers.com
ih@rmlawyers.com
sr@rmlawyers.com
vb@rmlawyers.com

*Attorneys for Plaintiffs/Appellees*

*s/Hannah Hibbs*
Hannah Hibbs, Paralegal